# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERTO TORRES, #R74153, <br><br> Plaintiff, <br><br> vs. <br><br> JACQUELINE LASHBROOK, KENT E. BROOKMAN, and JASON N. HART, <br><br> Defendants. | Case No. 19-cv-00248-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Norberto Torres, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard") arising from being confined in disciplinary segregation pursuant to an Inmate Disciplinary Report ("IDR") which was subsequently expunged. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges the following: On March 9, 2017, authorities at Pontiac Correctional Center allegedly found a handwritten "Latin Folk" questionnaire containing Plaintiff's name and information and matching his handwriting. (Doc. 1, p. 11). Plaintiff, who was then housed at Menard, was issued an IDR for participating in a Security Threat Group ("STG") organizational activity. *Id.*, pp. 6, 11-12. This IDR was given the ticket number 201700365/1-MEN (the "365 Ticket"). *Id.*, p. 13.

On March 15, 2017, Plaintiff was taken before Defendants Brookman and Hart, who sat as the Adjustment Committee conducting a disciplinary hearing on the 365 Ticket. *Id.*, pp. 6, 13. Brookman and Hart expunged the 365 Ticket, a decision Defendant Lashbrook (as warden of Menard) later approved. *Id.*

Despite the 365 Ticket being expunged, Plaintiff was nevertheless taken to segregation. *Id.*, p. 6. Two days later, Plaintiff was served a new IDR (2017-00409/1-MEN, the "409 Ticket") alleging the exact same offense. *Id.*, pp. 6, 14. On March 22, 2017, Brookman and Hart again sat as the Adjustment Committee for a disciplinary hearing. This time they found Plaintiff guilty and sentenced him to 3 months in segregation, along with loss of privileges. *Id.*, pp. 6, 14. Plaintiff was never given a copy of the questionnaire document which formed the basis of the IDRs, and he was threatened with an additional IDR if he didn't "shut up." *Id.*, p. 6. Lashbrook again signed off on this decision. *Id.*, p. 15.

While Plaintiff was in segregation, he spoke with Lashbrook while she was doing rounds and informed her that he had been convicted on the same charge that had previously been expunged, which she acknowledged. *Id.*, p. 7. Plaintiff also showed her that the toilet in his cell

was malfunctioning, that the malfunction had caused "smelly mold" to grow on the side of the toilet, and that Plaintiff and his cellmate were not given any cleaning supplies. *Id.* Despite Lashbrook's assurance that "all this would be taken care of," Plaintiff remained in that cell for another two and a half months. *Id.*

Plaintiff filed a grievance regarding the 409 Ticket, which led to its expungement in June 2017, because the hearing was not conducted in accordance with Department Rule 504. *Id.*, pp. 25-26.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following two Counts:

> **Count 1**: Fourteenth Amendment procedural due process claim against Brookman and Hart for convicting Plaintiff on the same disciplinary charge which they had previously expunged and for failing to provide him with adequate opportunity to prepare by not producing the alleged document which was the basis of the charges.
>
> **Count 2:** Eighth Amendment claim against Lashbrook for cruel and unusual conditions of confinement.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

Plaintiff claims that Defendants Brookman and Hart denied him due process of law at his disciplinary hearing by proceeding on the 409 Ticket despite knowing that they had expunged the

---

[1] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

3

functionally identical 365 Ticket a week earlier, and by not presenting him with a copy of the allegedly incriminating questionnaire.

Plaintiff's first assertion is that Brookman and Hart should not have convicted him on the 409 Ticket because the charge had already been brought before them and expunged. Essentially, this appears to be a Double Jeopardy argument—that once he beat the charge on the 309 Ticket, he could not be charged again on the same basis. While the Fifth Amendment's Double Jeopardy Clause protects against prosecuting a person for the same crime after conviction and subjecting a person to multiple punishments for the same crime, double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 721–22 (7th Cir. 1996) ("[A]n acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge.").

Plaintiff's second contention is that Defendants Brookman and Hart violated his due process rights by failing to provide him with a copy of the questionnaire allegedly found at Pontiac that formed the basis of both IDRs. An inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings, unless such disclosure would unduly threaten institutional concerns. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citations omitted). It is unclear whether the questionnaire would have proven exculpatory or inculpatory; at this stage of the case, however, the Court draws all inferences in favor of Plaintiff. As such, Plaintiff has stated a claim that he was denied due process as to the questionnaire.

**Count 2**

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of

life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Plaintiff alleges that while in segregation, he was housed in a cell with a malfunctioning toilet, which caused unsanitary conditions, and he also was denied cleaning supplies to help rectify the situation. Plaintiff told Lashbrook about these conditions when she toured the cell block, and she indicated the problem would be addressed. He was then kept in the same cell for another two and a half months, presumably without the issues being resolved. This is sufficient to state a claim that Lashbrook was deliberately indifferent to a deprivation of basic sanitation. As such, Count 2 will proceed.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). Plaintiff appears to have made reasonable efforts to retain counsel on his own by writing to several firms. (Doc. 3, p. 1). With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has no legal education and a limited knowledge of the law. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now, because his pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to prosecute this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## DISPOSITION

**IT IS ORDERED** that Count 1 of the Complaint survives screening against Brookman and Hart as to the failure to provide to Plaintiff the questionnaire that formed the basis of the IDRs.

Count 2 of the Complaint survives against Lashbrook.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for **LASHBROOK, BROOKMAN**, and **HART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States

Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 11, 2019**

*(signature)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**