IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERTO TORRES, #R74153, <br><br> Plaintiff, <br><br> v. <br><br> KENT BROOKMAN, JASON HART, and JACQUELINE LASHBROOK, <br><br> Defendants. | Case No. 19-cv-00248-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the Motion for Summary Judgment on Exhaustion filed by Defendants Lashbrook, Brookman, and Hart. (Doc. 19). To date, Plaintiff Torres has failed to file a response to Defendants' Motion for Summary Judgment. For the reasons provided below, the Court grants in part and denies in part the Motion for Summary Judgment on Exhaustion.

### BACKGROUND

Plaintiff Norberto Torres, an inmate of the Illinois Department of Corrections ("IDOC"), commenced this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while incarcerated at Menard Correctional Center. In the Complaint, Torres alleges he was written a disciplinary ticket for participation in security threat group organizational activity after documents containing Torres's name were found by authorities at Pontiac Correctional Center ("Pontiac") in another inmates' property during a shakedown. (Doc. 1, p. 6). On March 15, 2017, the Adjustment Committee, consisting of members Brookman and Hart, conducted a hearing and expunged the ticket. (*Id.* at p. 13). Two days later, on March 17, 2017, Torres was issued a new disciplinary ticket for the exact same offense. Another hearing was

Page 1 of 9

conducted, and this time he was found guilty by the Adjustment Committee. He was sanctioned with three months segregation, along with the loss of certain privileges. While in segregation, Torres was held in unsanitary conditions. He spoke to Warden Lashbrook and informed her of the conditions of his cell, but he remained in the cell for two and a half months without any change or improvement in the conditions. Eventually, after filing a grievance, the second ticket issued on March 17, 2017 was also expunged because the hearing was not conducted in accordance with IDOC Rule 504. (*Id.* at p. 7; Doc. 19-6, p. 1-2). Following a review of the Complaint by the Court pursuant to 28 U.S.C. § 1915A, Torres is proceeding with the following claims:

> **Count 1:**   Fourteenth Amendment procedural due process claim against Adjustment Committee Members Brookman and Hart for failing to provide Torres with adequate opportunity to prepare for the disciplinary hearing by not producing the alleged document which was the basis of the charges.
>
> **Count 2:**   Eighth Amendment claim against Warden Lashbrook for cruel and unusual conditions of confinement.

(Doc. 9). The Court dismissed Torres's claim that Brookman and Hart violated his due process rights by convicting him of the same charge, which they had previously expunged. The Court found that double jeopardy principles do not apply in prison disciplinary context. (*Id.* at p. 4).

Defendants filed their Motion for Summary Judgment on Exhaustion on March 10, 2020. Torres had thirty days to respond to the motion. *See* SDIL-LR 7.1(c)(1). He did not file a response. On June 10, 2020, the Court directed Torres to show cause why his failure to file a response should not be deemed an admission to the merits of the motion and his claims against Defendants dismissed. (Doc. 22). Because Torres is a *pro se* litigant, the Court also issued a Rule 56 Notice further informing Torres of the consequences for failing to respond to a motion for summary judgment. (Doc. 23). Torres filed a response to the Show Cause Order on July 10, 2020, requesting additional time to file a response. (Doc. 25). The request was granted, and Torres was given until

August 5, 2020, to respond. The Court again warned Torres that failure to respond may be considered an admission to the merits of the Motion for Summary Judgment. (Doc. 26). The deadline has passed, and Torres has not filed a response.

In their Motion for Summary Judgment, Defendants argue that Torres did not exhaust his administrative remedies prior to filing this lawsuit. They state that there is no record that Torres submitted a grievance regarding his Eighth Amendment claim for unconstitutional cell conditions, (Doc. 19, pp. 4, 9), and they identify two grievances relevant to his Fourteenth Amendment claims. Both grievances are dated May 24, 2017, and grieve that Torres was not provided due process during the hearing regarding the second disciplinary ticket issued on March 17, 2017. (Doc. 19-4, pp. 3-5; Doc. 19-6, pp. 3-5). The first grievance, numbered 18-6-17, was received by the grievance officer on June 6, 2017, who responded to the grievance on June 8, 2017. (Doc. 19, p. 3). The grievance officer recommended that the grievance be affirmed and the ticket expunged. On June 20, 2017, the chief administrative officer concurred with the grievance officer's recommendation, and Torres was provided with a copy of the determination on June 21, 2017. (Doc. 19-1, p. 1; Doc. 19-3, p. 5; Doc. 19-6, p. 1). After receiving the chief administrative officer's determination, Torres did not appeal grievance 18-6-17 to the Administrative Review Board. (Doc. 19, p. 5).

The second grievance was filed directly with the Administrative Review Board. (Doc. 19-4, p. 2-6). Along with the grievance, Torres submitted a letter to the Administrative Review Board explaining that he was skipping proper procedures and "pushing forward" the grievance because he was unsure if the expiration date of submitting grievances had passed and because Menard has a history of losing and not responding to grievances. (Doc. 19-4, p. 6). The Administrative Review Board returned the grievance, directing Torres to supply responses from the grievance officer and chief administrative officer in accordance with Illinois Administrative Code § 504.810. (*Id.* at p. 2). However, no other grievances were received by the Administrative Review Board regarding

complaints against Brookman, Hart, and the March 17, 2017 disciplinary ticket.

Defendants argue that Torres failed to comply with the grievance process as provided in the Illinois Administrative Code in his submission of both grievances dated May 24, 2017, and so, neither grievance was properly exhausted. Specifically, grievance 18-6-17 was (1) untimely filed sixty days after the incident occurred, and (2) not appealed to the Administrative Review Board, and the second grievance was improperly filed with the Administrative Review Board prior to receiving a response from the grievance officer and chief administrative officer. Because there is no evidence that Torres followed the grievance process and fully exhausted his administrative remedies regarding his claims against Lashbrook, Brookman, and Hart prior to filing his Complaint, Defendants argue that Torres has failed to properly exhaust his administrative remedies.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court considers the facts in a light most favorable to the non-moving party, here, Torres. *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009).

### II. PLRA Exhaustion Requirement

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). That statute states, in pertinent part, that "no action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).

### III. Illinois Exhaustion Requirements

As an inmate confined within the Illinois Department of Corrections, Torres was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. 20 ILL. ADMIN. CODE § 504.800 *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. 20 ILL. ADMIN. CODE § 504.810(a). Grievances that are unable to be resolved through routine channels are then sent to the grievance officer. 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate. 20 ILL. ADMIN. CODE § 504.830(a), (e). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id*.

If the inmate is not satisfied with the chief administrative officer's response, he or she can file an appeal with the director through the administrative review board ("ARB"). The grievance procedures specifically state, "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision." 20 ILL. ADMIN. CODE § 504.850(a). The inmate shall attach copies of the grievance officer's report and the chief administrative officer's decision to his appeal. *Id*. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." 20 ILL. ADMIN. CODE § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." 20 ILL. ADMIN. CODE § 504.850(e).

## ANALYSIS

As discussed, after several opportunities, Torres did not file a response to Defendants' Motion for Summary Judgment. Pursuant to Federal Rule of Civil Procedure 56(e), "[i]f a party fails. . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Also, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Torres's failure to respond as an admission to the material facts of the Motion for Summary Judgment on Exhaustion filed by Defendants. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Based on this admission, the Court finds that Torres failed to properly exhaust his

administrative remedies as to his Eighth Amendment claim for unconstitutional conditions of confinement. There is no evidence in the record that Torres submitted a grievance regarding his conditions of confinement while in segregation or that he was somehow thwarted in his efforts to exhaust. Therefore, summary judgment is granted as to Count 2 against Warden Lashbrook.

The Court also finds that Torres failed to properly exhaust the second grievance dated May 24, 2017, by submitting the grievance directly to ARB, rather than to his counselor at Menard. *See* ILL. ADMIN CODE § 504.810(a). The grievance process allows for certain grievances to be submitted directly to the ARB, including grievances about protective custody, involuntary administrative of psychotropic medications, and disciplinary and other issues at facilities other than the one an inmate is currently housed. *See* 20 ILL. ADMIN. CODE § 504.870(a). However, the reasons that Torres provides in his letter to the ARB — lack of knowledge of grievance deadlines and Menard's failure to respond to grievances — are not proper bases for circumventing normal grievance procedures. (Doc. 19-4, p. 6).

That being said, despite the admission of material facts on the part of Torres, the Court finds that Defendants still have not met their burden of establishing that grievance 18-6-17 was not fully exhausted. Defendants argue that grievance 18-6-17 was not timely filed. Torres received the second disciplinary ticket on March 17, 2017, and the grievance was submitted more than sixty days after this incident occurred. (Doc. 19, p. 8). While prison officials can refuse to hear a grievance if an inmate fails to properly utilize the grievance process, they can also excuse a prisoner's noncompliance and review the grievance on the merits. *See Dole,* 438 F. at 809; 20 ILL. ADMIN. CODE §508.810(a) (allowing a grievance officer to consider an untimely grievance for good cause). The Seventh Circuit has held that a "procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love,* 655 F. 3d 709, 722 (7th Cir. 2011) (quoting *Conyers*

*v. Abitz*, 416 F. 3d 580, 585 (7th Cir. 2005)). Here, grievance 18-6-17 was decided on the merits, not procedural grounds, and so, it cannot be deemed unexhausted based on timeliness. *See Riccardo v. Rausch,* 375 F. 3d 521, 524 (7th Cir. 2004).

Defendants also argue that grievance 18-6-17 was not fully exhausted because Torres did not submit the grievance to the ARB once he received the response from the chief administrative officer. There is no requirement, however, that inmates "appeal favorable decisions." *Thornton v. Snyder,* 428 F. 3d 690, 695 (7th Cir. 2005). Once an inmate has received all remedies "available," he need not continue to exhaust administrative remedies. *Id.* Torres submitted grievance 18-6-17 complaining about the issuance of the March 17, 2017 disciplinary ticket and the lack of procedural safeguards during the hearing before the Adjustment Committee. In the grievance, he requests the following relief: (1) release from segregation; (2) expungement of the disciplinary ticket and restoration of privileges; (3) reinstitution of monthly payroll; and (4) no retaliation for filing the grievance. (Doc. 19-6, pp. 1, 3). After submitting grievance 18-6-17, the grievance officer recommended that the grievance be affirmed and the disciplinary ticket expunged. (Doc. 19-6, p. 1-2). The grievance officer also confirmed that staff was not retaliating against Torres or would be informed that he filed a grievance unless he personally notified staff members. The chief administrative officer concurred in the recommendation, and the ticket and disciplinary action were expunged. (*See* Doc. 1, p. 16). Because Torres ultimately received the relief that he was looking for, expungement of the disciplinary ticket and restoration of his privileges (*see* Doc. 19-6, pp. 1, 3), he did not need to appeal his grievance in order to fully exhaust his administrative remedies.

The Court finds that grievance 18-6-17 sufficiently provided notice to prison officials that Torres believed he did not receive due process during his hearing before Adjustment Committee Members Brookman and Hart on March 22, 2017, and was fully exhausted. Summary judgment is

therefore denied as to Count 1.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Lashbrook, Brookman, and Hart is **GRANTED in part** and **DENIED in part.** Count 2 against Defendant Lashbrook is dismissed without prejudice, and Defendant Lashbrook is dismissed from this lawsuit. This case shall proceed on Count 1 against Defendants Brookman and Hart.

**IT IS SO ORDERED.**

**DATED:   December 16, 2020**

<u>  s/Stephen P. McGlynn         </u><br>
<b>STEPHEN P. MCGLYNN</b><br>
<b>United States District Judge</b>