IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

NOBERTO TORRES,

    PLAINTIFF,

VS.

KENT BROOKMAN AND JASON HART,

    DEFENDANTS.

Scanned at Pinckneyville CC and e-mailed

1/5/22 by CB 3 pages
Date      Initials   No.

CASE NO: 19-248-SPM

## PLAINTIFF'S RESPONSE TO DEFENDANTS

KENT BROOKMAN AND JASON HART MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56, IN WHICH DEFENDANTS CLAIM THAT THEY ARE ENTITLED TO SUMMARY JUDGMENT, AS NO GENUINE ISSUE OF MATERIAL FACTS EXISTS, AND ENTITLED TO QUALIFIED IMMUNITY, STATE AS FOLLOWS:

COMES NOW PLAINTIFF, NOBERTO TORRES, ACTING IN PROPIA PERSONA, AND RESPECTFULLY ASKS THIS COURT TO ENTER A JUDGMENT DENYING DEFENDANTS MOTION FOR SUMMARY JUDGMENT. IN SUPPORT THEREOF, PLAINTIFF STATES AS FOLLOWS:

1. ON APRIL 10, 2019, PLAINTIFF, NOBERTO TORRES, BROUGHT THIS ACTION FOR DEPRIVATION OF HIS CONSTITUTIONAL

RIGHTS PURSUANT TO 42 U.S.C. § 1983. (COURT DOC. 1)

2. IN THE COURTS MEMORANDUM AND ORDER, THE COURT HELD THAT PLAINTIFF HAD STATED (1) FOURTEENTH AMENDMENT CLAIM FOR DUE PROCESS AGAINST DEFENDANT BROOKMAN AND HART AND (1) EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT LASHBROOK FOR CRUEL AND UNUSUAL CONDITIONS OF CONFINE-MENT CLAIM. (COURT DOC. 9).

3. ON MARCH 10, 2020, DEFENDANTS BROOKMAN AND HART FILED A COMBINED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION (DOC. 19).

4. DUE TO PLAINTIFF NOT BEING WELL-VERSED IN THE LAW OF CIVIL CLAIMS AND NOT BEING ABLE TO UNDERSTAND ALL THE PROCEEDINGS IN FRONT OF HIM, PLAINTIFF FAILED TO FILE A RESPONSE TO DEFENDANTS' MOTION.

5. ON DECEMBER 16, 2020, THIS HONORABLE COURT ENTERED AN ORDER GRANTING IN PART AND DENYING IN PART DEFEN-DANTS COMBINED MOTION. (COURT DOC 28).

6. THE COURT HELD THAT PLAINTIFF HAD FAILED TO

EXHAUST HIS CLAIMS AS TO COUNT 2 AND THAT DEFENDANT LASHBROOK WAS DISMISSED WITHOUT PREJUDICE. THIS CASE WAS ORDER TO PROCEED ON COUNT 1 AGAINST DEFENDANTS BROOKMAN AND HART. ( DOC. 29, PG. 9).

7. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT, AS THE COURT FOUND THAT GENUINE ISSUES OF MATERIAL FACTS EXIST AGAINST DEFENDANTS BROOKMAN AND HART.

8. FURTHERMORE, DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY. THIS DETERMINATION LIES IN THE SOUND DESCRETION OF THIS COURT. THE COURT DECIDES WHETHER PLAINTIFF HAS ALLEGED FACTS THAT, IF PROVED, WOULD SHOW A VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS.

9. A MEMORANDUM OF LAW IN SUPPORT IS ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

WHEREFORE, FOR THE ABOVE AND FOREGOING REASONS, PLAINTIFF RESPECTFULLY ASKS THIS HONORABLE COURT TO DENY DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

NOBERTO TORRES, R74153
PINCKNEYVILLE CORRECTIONAL CENTER
5835 STATE ROUTE 154
PINCKNEYVILLE IL 62274

RESPECTIFULLY SUBMITTED,

ISI _____

NOBERTO TORRES
PLAINTIFF, PRO-PER

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERTO TORRES,                          )

      PLAINTIFF,                          )

                        )

VS.                                      )       CASE NO: 19-248-SPM

                        )

KENT BROCKMAN AND JASON HART,            )

      DEFENDANTS.                         )

Scanned at Pinckneyville CC and e-mailed

1/5/22 by CB 21 pages
Date        Initials   No.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANTS' KENT BROCKMAN AND JASON HART' MOTION FOR SUMMARY JUDGMENT.

## FACTUAL BACKGROUND

PLAINTIFF, CURRENTLY INCARCERATED AT PINCKNEY-VILLE CORRECTIONAL CENTER (PINCKNEYVILLE), HAS BROUGHT THIS PRO-SE CIVIL RIGHTS ACTION PURSUANT TO 42 U.S.C. 1983. PLAINTIFF RAISES CLAIMS OF DUE PROCESS VIOLATIONS DURING DISCIPLINARY HEARINGS, VIOLATION FOR CRUEL AND UNUSUAL PUNISHMENT AND VIOLATION FOR INHUMANE PRISON CONDITIONS, AGAINST DEFENDANTS KENT BROCKMAN AND JASON HART.

## UNDISPUTED MATERIAL FACTS

1. AT THE TIME PLAINTIFF'S INITIAL CLAIMS AROSE, PLAINTIFF WAS INCARCERATED AT MENARD CORRECTIONAL CENTER, (MENARD).

2. ON FEBRUARY 28, 2019, PLAINTIFF FILED A COMPLAINT ALLEGING HIS EIGHTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS WERE VIOLATED WHILE HOUSED AT MENARD CORRECTIONAL CENTER. ADDITIONALLY, PLAINTIFF CLAIMS THAT ON MARCH 9, 2017, HE WAS ISSUED A DISCIPLINARY TICKET AFTER AUTHORITIES AT PONTIAC CORRECTIONAL CENTER (PONTIAC), FOUND A HAND-WRITTEN "LATIN FOLKS" QUESTIONNAIRE CONTAINING PLAINTIFF'S NAME AND INFORMATION AND ALLEGEDLY MATCHING HIS HAND-WRITTING. (COURT DOC. 1, PG. 11). PLAINTIFF, WHO WAS THEN HELD AT MENARD, WAS ISSUED AN IDR FOR PARTICIPATING IN SECURITY THREAT GROUP (STG) ORGANIZATIONAL ACTIVITY. [EXHIBIT-A, TORRES IDOC DISCIPLINARY REPORT PG'S. 2.]

3. ON MARCH 15, 2017 A DISCIPLINARY HEARING WAS HELD FOR PLAINTIFF WHO WAS ACCUSED FOR 205/ SECURITY THREAT GROUP OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY AND EVENTUALLY WAS FOUND NOT GUILTY BY THE ADJUSTMENT COMMITTEE. HEARING COMMITTEE MEMBERS KENT BROOKMAN AND JASON HART FOUND PLAINTIFF (NOT GUILTY) OF THE CHARGE DUE TO LACK OF EVIDENCE AND LACK OF PERSONAL INVOLVEMENT. BASED ON THESE FINDINGS PLAINTIFFS TICKET WAS EXPUNGED ON MARCH 15, 2017. [EXHIBIT-B PG. 1 OF 1].

4. DESPITE THE TICKET BEING EXPUNGED, PLAINTIFF WAS SERVED A NEW IDR SEVERAL DAYS LATER FOR THE SAME EXACT OFFENSE. BOTH, DEFENDANTS BROOKMAN AND HART AGAIN PRESIDED OVER THE HEARING. THE EVIDENCE PRESENTED AT PLAINTIFFS SECOND HEARING WAS EXACTLY THE SAME AS THE FIRST HEARING, BUT THIS TIME AROUND DEFENDANTS BROOKMAN AND HART REFUSE TO CONDUCT AN INDEPENDENT INVESTIGATION ON THE REALIABILITY OF THE QUESTIONNAIRE THAT WAS CONFISCATED BY AUTHORITIES AT PONTIAC CORRECTIONAL CENTER. PLEASE NOTE THAT PLAINTIFF WAS FIRST PLACED IN SEGREGATED CONFINEMENT AND THEN SERVED WITH THE SECOND TICKET.

5. DISCIPLINARY TICKET 201700409/1-MEN FOR THE OFFENSE OF 205 / SECURITY THREAT GROUP OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY WAS ISSUED TO PLAINTIFF ON MARCH 17, 2017 AT APPROXIMATELY 6:30 P.M,.

6. ON MARCH 22, 2017, THE ADJUSTMENT COMMITTEE HELD ANOTHER DISCIPLINARY HEARING FOR THE SAME OFFENSE. THE ADJUSTMENT COMMITTEE CHAIRPERSONS THAT PRESIDED ON THIS HEARING WERE THE SAME OFFICERS THAT PRESIDED ON PLAINTIFFS LAST HEARING WHERE TICKET WAS EXPUNGED. THE ADJUSTMENT COMMITTEE CHAIRPERSONS WERE DEFENDANTS KENT BROOKMAN AND JASON HART. ( EXHIBIT C ).

7. AS A RESULT OF THE DISCIPLINARY HEARING HELD ON MARCH 22, 2017, THE FOLLOWING DISCIPLINARY ACTION

WAS RECOMMENDED BY DEFENDANTS KENT BROOKMAN AND JASON HART : THREE MONTHS OF C GRADE, THREE MONTHS OF COMMISSARY RESTRICTION, SIX MONTHS OF CONTACT VISIT RESTRICTION AND THREE MONTHS OF SEGREGATION. ( EXHIBIT C ).

8. BOTH DEFENDANTS BROOKMAN AND HART DECIDED THAT AS MEMBERS OF THE ADJUSTMENT COMMITTEE HEARING HELD ON MARCH 15, 2017 AND MARCH 22, 2017, BOTH COULD MAKE A RECOMMENDATION AND IMPOSE THE DISCIPLINARY ACTION ON PLAINTIFF AS THEY SEE FIT WITHOUT SUFFICIENT EVIDENCE, OR WEIGHING OF THE EVIDENCE. INSTEAD THERE RECOMMENDATION DEPRIVED PLAINTIFF OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW.

9. DEFENDANTS BROOKMAN AND HART (BOTH) ONLY CLAIM THAT THEY MADE A RECOMMENDATION REGARDING IMPOSING DISCIPLINARY ACTION ON PLAINTIFF WHO WAS FOUND GUILTY OF THE SAME DISCIPLINARY OFFENSE AFTER BOTH DEFENDANTS HAD RECOMMENDED THAT THE SAME TICKET BE EXPUNGED ON THE PREVIOUS ADJUSTMENT COMMITTEE HEARING HELD SEVERAL DAYS BEFORE ON MARCH 15, 2017.

10. SURE, THE CHIEF ADMINISTRATIVE OFFICER, THE WARDEN, MAKES THE FINAL DETERMINATION REGARDING THE DISCIPLINARY ACTION THAT PLAINTIFF WOULD RECEIVE, BUT THE WARDEN MAKES HIS DETERMINATION BASED ON THE ADJUSTMENT COMMITTEES RECOMMENDATION, WHICH IN THIS CASE

(4.)

THE MOST SEVERE RECOMMENDATION WAS THREE (3) MONTHS IN SEGREGATED CONFINEMENT.

11. PLAINTIFF DID REQUEST A WITNESS REGARDING HIS FIRST DISCIPLINARY HEARING PRIOR TO HIS ADJUSTMENT COMMITTEE HEARING ON MARCH 15, 2017. HOWEVER, HE WAS DEPRIVED OF HIS RIGHT TO CALL A WITNESS IN HIS DEFENSE BY BOTH DEFENDANTS BROOKMAN AND HART. NOW, EVEN THOUGH THERE WAS NO WITNESS REQUESTED MADE ON THE ATTACHED SECTION OF THE DISCIPLINARY TICKET THAT PLAINTIFF WAS ISSUED. PLAINTIFF DID MENTION TO BOTH DEFENDANTS BROOKMAN AND HART DURING HIS DISCIPLINARY HEARING ON MARCH 15, 2017, THAT HE HAD PERSONALLY SENT THE WITNESS INFORMATION ALONG WITH HIS STATEMENT TO THE ADJUSTMENT COMMITTEE THROUGH THE INSTITUTIONAL MAIL SEVERAL WEEKS PRIOR TO HIS HEARING.

12. ON PLAINTIFF'S SECOND HEARING ON MARCH 17, 2017, HE FACED THE SAME EXACT CHARGES FOR THE SAME INFRACTION THAT HAD RECENTLY BEEN EXPUNGED ON MARCH 15, 2017 BY DEFENDANTS KENT BROOKMAN AND JASON HART. AT THIS SECOND DISCIPLINARY HEARING PLAINTIFF CONTINUED TO MAINTAIN HIS INNOCENCE AND REQUESTED A HEARING INVESTIGATOR TO INTERVIEW HIS FORNAMED WITNESS, RICARDO MARCHAN #M-11209, AND ALSO TO INVESTIGATE THE VALIDITY OF THE HANDWRITTEN "LATIN FOLK" QUESTIONNAIRE

ALLEGEDLY CONTAINING PLAINTIFF'S NAME AND INFORMATION AND MATCHING HIS HANDWRITING, PRISONERS FACED WITH THE REVOCATION OF GOOD-TIME CREDITS, LOSS OF GRADE STATUS, VISITING PRIVILEGES AND ALSO FACED WITH BEING PLACED IN SEGREGATION HAVE A QUALIFIED RIGHT TO CALL WITNESSES IN THEIR DEFENSE. SEE WOLFF V. MCDONNELL, 418 U.S. 539, 41 L Ed 2d 935, 94 S. Ct 2963 (1974). CLEARLY, BOTH DEFENDANTS BROOKMAN AND HART VIOLATED THE ILLINOIS DEPARTMENT OF CORRECTIONS WITNESS POLICY WHICH IN TURN VIOLATED THE FOURTEENTH AMENDMENT'S DUE PROCESS GUARANTEE. IN ADDITION, PLAINTIFF HAS BEEN ADVERSELY AFFECTED BY THE WITNESS POLICY WHICH RESULTED IN TWO SEPERATE DISCIPLINARY HEARINGS FOR THE SAME EXACT IN-FRACTION WHICH PLAINTIFF WAS UNJUSTLY PUNISHED FOR BY DEFENDANTS BROOKMAN AND HART.

13. THE PLAINTIFF ALSO POINTS OUT THAT THERE WAS NO DIFFERENCE WHATSOEVER IN THE EVIDENCE PRESENTED AT PLAINTIFF'S SECOND DISCIPLINARY HEARING. DESPITE THE FAILURE TO PRODUCE ANY NEW EVIDENCE, PLAINTIFF CONTENDS THAT HE WAS FOUND GUILTY OF THE SAME EXACT OFFENSE WHICH HAD RECENTLY BEEN EXPUNGED BY THE SAME DEFENDANTS BROOKMAN AND HART ON MARCH 15, 2017.

14. DEFENDANTS BROOKMAN AND HART HAVE MADE A QUESTIONABLE INQUIRY BASED ON THE LACK OF EVIDENCE AND INFORMATION THAT WAS PROVIDED TO THEM BY

THE INTELLIGENCE UNIT, SO NOW THEY BOTH ALLEGE THAT THEY DO NOT RECALL WHETHER OR NOT THEY [PERSONALLY] REVIEWED THE QUESTIONNAIRE, WHICH WAS THE BASIS FOR DISCIPLINARY TICKET 201700365/1-MEN AND 201700409/2-MEN. DEFENDANTS FURTHER PROVIDE, THAT ANY EVIDENCE WOULD HAVE BEEN INCLUDED IN THE BASIS FOR "DECISION" SECTION OF THE ADJUSTMENT COMMITTEE FINAL SUMMARY REPORT. HOWEVER, ON PAGE-4, PARAGRAPH 16, OF DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SUMMARY JUDGMENT, BOTH DEFENDANT'S CLEARLY ARGUE THAT "[THEY]" "ONLY MADE A RECOMMENDATION REGARDING IMPOSING DISCIPLINARY ACTION ON PLAINTIFF." AND "THAT THE CHIEF ADMINISTRATIVE OFFICER, THE WARDEN, MAKES THE FINAL DETERMINATION REGARDING WHAT DISCIPLINARY ACTION THE INCARCERATED PERSON RECEIVES." AS PREVIOUSLY MENTIONED, THE ULTIMATE DECISION ON WHAT DISCIPLINARY ACTION WAS TAKEN FALLS ON THE C.A.O., THE WARDEN, BUT THERE IS CLEARLY NO SEPERATION OF POWERS BETWEEN THE MEMBERS OF THE ADJUSTMENT COMMITTEE AND THE WARDEN BECAUSE WHATEVER RECOMMENDATION IS MADE BY THE ADJUSTMENT COMMITTEE THE MAJORITY OF THE TIME THE WARDEN SIGNS OFF ON IT.

15. AS FOREMENTIONED, PLAINTIFF IS NOT AWARE OF WHAT WRITING SAMPLES IF ANY, WERE OBTAINED FROM PLAINTIFF'S MASTER FILE BY THE INTEL UNIT. AS A MATTER OF FACT, PLAINTIFF ASKED DEFENDANTS BROOKMAN AND HART TO SHOW HIM ALL THE EVIDENCE AGAINST

HIM, INCLUDING THE WRITING SAMPLES THAT WERE
COMPARE TO THIS SO CALL "LATIN FOLK" QUESTIONNAIRE,
BUT BOTH DEFENDANTS BROOKMAN AND HART IGNORED
PLAINTIFF'S REQUEST AND INSTEAD FOUND PLAINTIFF
GUILTY OF THE OFFENSE REGARDING DISCIPLINARY TICKET
201700409/1-MEN.

16. FURTHERMORE, IN ACCORDANCE WITH THE CONSTITUTIONAL
MANDATES AND DISCIPLINARY PROCEDURES AS DESCRIBED IN
ILCS 5/3-8-5, THE ILLINOIS DEPARTMENT OF CORRECTIONS
HAS ESTABLISHED PROCEDURES WHICH THE ADJUSTMENT
COMMITTEE MUST FOLLOWED PRIOR TO THE IMPOSITION OF
DISCIPLINE. IN PLAINTIFFS CASE, HIS RIGHTS CONCER-
NING THE FOURTEENTH AMENDMENT CONCERNING DISCIPLINARY
PROCEDURES WERE VIOLATED BY THE INTELLIGENCE UNIT,
ADJUSTMENT COMMITTEE CHAIRPERSONS BROOKMAN AND
HART AND THE WARDEN AT THE FIRST STEP, WHICH WAS
PLAINTIFFS DISCIPLINARY REPORT WHICH DOES NOT STAND ON
ITS OWN IF CHALLENGED BY THIS COURT. IT CAN BE ARGUED
THAT PRISON OFICIALS, PARTICULARLY, (MENARD INTELLIGENCE
UNIT), ALSO VIOLATED PLAINTIFF'S RIGHT TO DUE PROCESS BY
NOT PRESENTING ANY EVIDENCE TO SUPPORT PLAINTIFFS IN-
VOLEMENT. HERE, PLAINTIFF HAS CLAIMED FROM THE BEGINNING
OF HIS DISCIPLINARY PROCESS THAT HE HAS BEEN DENIED
DUE PROCESS BY DEFENDANTS BROOKMAN AND HART DURING
BOTH OF HIS DISCIPLINARY HEARINGS DUE TO BEING FOUND

(8.)

GUILTY ON THE BASIS OF INSUFFICIENT EVIDENCE. IN THIS CASE, THE "SOME EVIDENCE" STANDARD HAS NOT BEEN MET ESPECIALLY WHERE THE ONLY EVIDENCE ALLEGED WERE WRITING SAMPLES ALLEGEDLY OBTAINED FROM PLAINTIFFS PRISON MASTER FILE. THESE WRITING SAMPLES WERE NEVER PROVIDED TO PLAINTIFF FOR HIS REVIEW, EVEN AFTER PLAINTIFF REQUESTED TO BE GIVEN AN ADEQUATE OPPORTUNITY TO SEE THESE WRITING SAMPLES ALONG WITH THE QUESTIONNAIRE IN ORDER TO PREPARE HIS DEFENSE. PLAINTIFF ASKED FOR THIS MATERIAL IN BOTH OF HIS DISCIPLINARY HEARINGS, AND BOTH TIMES HE WAS DENIED THIS PRIVILEDGE BY DEFENDANTS BROOKMAN AND HART.

17. ON MAY 24, 2017, PLAINTIFF SUBMITTED A GRIEVANCE TO THE FACILITY LEVEL REGARDING THE DISCIPLINARY REPORT, GRIEVANCE NO. 18-6-17. NOW, TO BE CLEAR, PLAINTIFF SUBMITTED A GRIEVANCE REGARDING THE DISCIPLINARY REPORT AND TICKET HE RECEIVED DATED MARCH 17, 2017 AND NOT DATED MARCH 09, 2017 AS BOTH DEFENDANTS BROOKMAN AND HART STATED IN PARAGRAPH 24., PG 6, IN THEIR MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT.

18. IN THIS GRIEVANCE, PLAINTIFF SOUGHT TO BE RELEASED FROM SEGREGATION, TICKET 201700409/1-MEN BE EXPUNGED, HIS MONTHLY PAYROLL BE [RESTORED], AND THAT HE NOT BE RETALIATED AGAINST FOR FILING THE GRIEVANCE. (EXHIBIT-G)

19. ON JUNE 6, 2017, GRIEVANCE 18-6-17 WAS RECEIVED BY GRIEVANCE OFFICE.

20. ON JUNE 8, 2017, THE GRIEVANCE WAS RESPONDED TO BY GRIEVANCE OFFICER KELLY PIERCE.

21. ALTHOUGH THE INSUFFICIENCY OF EVIDENCE CLEARLY PROVED PLAINTIFF INNOCENT OF THE INFRACTIONS, GRIEVANCE OFFICER PIERCE RECOMMENDED PLAINTIFF'S GRIEVANCE BE AFFIRMED AND THAT TICKET # 201700409/1 MEN BE EXPUNGED IN ACCORDANCE WITH DR 504.

22. ON JUNE 15, 2017, THE CHIEF ADMINISTRATIVE OFFICER, THE WARDEN, RECEIVED THIS GRIEVANCE AND ON JUNE 20, 2017, CONCURRED WITH THE DECISION OF THE GRIEVANCE OFFICE.

23. PLAINTIFF DID NOT APPEAL THIS DECISION TO THE DIRECTOR.

## ARGUMENT

I. DEFENDANTS KENT BROOKMAN AND JASON HART ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS CLAIM.

PLAINTIFF CLAIMS THAT BOTH DEFENDANTS KENT BROOKMAN AND JASON HART DEPRIVED HIM OF LIBERTY INTEREST FOR FINDING PLAINTIFF GUILTY ON THE SAME CHARGE WHICH THEY HAD PREVIOUSLY EXPUNGED AT THE FIRST AD-

JUSTMENT COMMITTEE HEARING HELD ON MARCH 15, 2017, AND FOR FAILING TO PROVIDE HIM WITH AN ADEQUATE OPPORTUNITY TO PREPARE HIS DEFENSE BY NOT PRODUCING THE ALLEGED DOCUMENTS WHICH WERE THE BASIS OF THE CHARGES AND FOR NOT PRODUCING THE WRITING SAMPLES THAT WERE ALLEGEDLY OBTAINED FROM PLAINTIFF'S PRISON MASTER FILE. NOW, BOTH DEFENDANTS CLAIM THAT IN THE CONTEXT OF A PRISON DISCIPLINARY HEARING, DUE PROCESS REQUIRES THAT THE PRISONER RECEIVE A WRITTEN NOTICE OF THAT CLAIMED VIOLATION AT LEAST 24 HOURS BEFORE THE HEARING. HOWEVER, IN PLAINTIFF'S CASE, HE WAS PLACED IN SEGREGATION HOURS AFTER HIS FIRST TICKET WAS EXPUNGED AND NEVER SERVED AN INVESTIGATIVE REPORT WITHIN 24 HOURS THAT INFORMED PLAINTIFF OF THE REASONS WHY HE WAS BEING PLACED IN SEGREGATION. IT WAS NOT UNTIL PLAINTIFF WAS SERVED WITH THE SECOND TICKET # 201700409/1 MEN ON MARCH 17, 2017 THAT HE UNDERSTOOD WHY HE WAS BEING DETAINED IN SEGREGATION.

HERE THERE IS AMPLE EVIDENCE THAT THE CONDUCT OF BOTH DEFENDANTS BROOKMAN AND HART VIOLATED PLAINTIFF'S RIGHT TO DUE PROCESS DURING BOTH DISCIPLINARY HEARINGS FOR THE SAME EXACT INFRACTION. DUE PROCESS REQUIRES AN OPPORTUNITY TO CALL WITNESSES TO TESTIFY AT A DISCIPLINARY HEARING. DR 504 ADMINISTRATION OF DISCIPLINE (ADJUSTMENT COMMITTEE SUMMARY, PAGES 36-37-38). "THE ADJUSTMENT COMMITTEE SHALL CONSIDER ANY STATEMENTS OF WITNESSES WITH RELEVANT

KNOWLEDGE OF THE INCIDENT WHO ARE REASONABLY AVAILABLE.
THE ADJUSTMENT COMMITTEE OR ITS HEARING INVESTIGATOR MAY
INTERVIEW WITNESSES AND PREPARE OR REVIEW SUMMARIES OF
THEIR TESTIMONY PRIOR TO, AT, OR SUBSEQUENT, TO THE HEARING."
(EXHIBIT-E, PG 36) NOW, "IF THE REQUEST FOR WITNESSES IS RE-
CEIVED PRIOR TO THE ADJUSTMENT COMMITTEE, BUT THE ADJUSTMENT
COMMITTEE DETERMINES THE WITNESS DO NOT NEED TO BE CONTACTED,
A REASON MUST BE PROVIDED." (EXHIBIT-E, PG 37) IN THIS CASE,
BOTH DEFENDANT'S, NEVER PROVIDED PLAINTIFF A REASON AS
TO WHY HIS WITNESS WAS NOT CONTACTED, AS PREVIOUSLY
STATED, "BOTH DEFENDANTS PLAINLY IGNORED PLAINTIFF'S
REQUEST FOR HIS WITNESS TO BE PRESENT DURING HIS FIRST
AND SECOND ADJUSTMENT COMMITTEE HEARINGS.

MOREOVER, CITING DR 504, "THE ADJUSTMENT COMMITTEE DOES
NOT NEED TO PROVIDE A REASON FOR DELETING A CHARGE, UNLESS THE
DELETION IS BASED ON EXONERATING EVIDENCE WHICH SHOULD BE EX-
PLAINED TO THE OFFENDER AND DOCUMENTED." IN THIS CASE, DEFENDANTS
BROOKMAN AND HART "EXPUNGED" PLAINTIFFS FIRST TICKET # 201700365/1
MEN, BUT NEVER PROVIDED PLAINTIFF WITH AN EXPLANATION FOR THEIR
EXPUNGEMENT, EITHER IN PERSON OR IN THEIR FINAL SUMMARY REPORT.
NOW, THERE IS A GOOD CHANCE THAT IF BOTH DEFENDANTS WOULD
HAVE EXPLAINED THEIR REASONS FOR EXPUNGING PLAINTIFFS CHARGE
ON THEIR FINAL SUMMARY REPORT, PLAINTIFF WOULD HAVE NEVER
BEEN RECHARGED FOR THE SAME EXACT VIOLATION NOR PLACED
IN SEGREGATION FOR THREE LONG MONTHS. THE DISCIPLINE

(12.)

THAT PLAINTIFF RECEIVED AS A RESULT OF BEING RECHARGED FOR THE SAME EXACT VIOLATION AND PLACED IN SEGREGATION FOR THREE MONTHS DEFINITELY IMPOSED AN ATYPICAL AND SIGNIFICANT HARDSHIP ON PLAINTIFF. CLEARLY, PLAINTIFF FALLS UNDER THE TWO-PRONG ANALYSIS. FIRST, PLAINTIFFS COMBINED IMPORT OF THE DURATION OF THE SEGREGATED CONFINEMENT. SECOND, CONDITIONS ENDURED BY THE PRISONER DURING THAT PERIOD. AS A RESULT OF BEING DENIED DUE PROCESS BY BEING RECHARGED OF THE SAME INSTITUTIONAL VIOLATION AND BEING PUNISHED WITH THREE MONTHS SEGREGATION, PLAINTIFF'S DUE PROCESS WAS VIOLATED IN THAT THE CONDITIONS OF HIS CONFINEMENT WAS INHUMANE, IN WHICH THE TOILET TO HIS CELL WAS LEAKING UNDERNEATH WITH TOILET BACKFLUSH, THERE WERE SIGNS OF MOLD AND MILDEW AND INSECTS EVERY-WHERE, PLAINTIFFS FURTHER ALLEGES THAT IT TOOK OFFICERS THREE TO FOUR DAYS BEFORE HE RECEIVED HIS MATTRESS AND BED LINEN AND PROPERTY, INCLUDING HIS LEGAL PAPERS. IN BRIEF, DEFENDANT'S ALLEGE THAT PLAINTIFF HAS NOT PROVIDED ANY FACTS TO SUPPORT HIS ALLEGATIONS OF INHUMANE CONDITIONS, THERE ARE SEVERAL DOCUMENTS THAT PLAINTIFF IS FURNISHING TO SUPPORT THE ALLEGATIONS OF CRUEL AND UNUSUAL PUNISHMENT. FIRST, IN PLAINTIFFS 42 U.S.C. 1983 CLAIM UNDER, ( IV STATEMENT OF CLAIM ) PLAINTIFF INCLUDED THIS LEGAL ARGUMENT. AND SECONDLY, IN PLAINTIFF LETTER TO THE WARDEN OF MENARD CORRECTIONAL CENTER, IT CLEARLY SUPPORTS THESE ALLEGATIONS. ( EXHIBIT - H )

## II. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

IN ORDER TO DETERMINE WHETHER A CORRECTIONAL OFFICER IS ENTITLED TO QUALIFIED IMMUNITY, A TWO PART STEP IS REQUIRED: (1) WHETHER A CONSTITUTIONAL RIGHT WOULD HAVE BEEN VIOLATED ON THE FACTS ALLEGED, AND (2) WHETHER THE RIGHT ALLEGED TO HAVE BEEN VIOLATED WAS CLEARLY ESTABLISHED. RICHARDSON V. MCKNIGHT, 117 S.CT. 2100, 2102. THE QUALIFIED IMMUNITY DOCTRINE PROTECTS GOVERNMENT OFFICIALS FROM LIABILITY FOR CIVIL DAMAGES WHEN THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN; IF THE RIGHTS WERE CLEARLY ESTABLISHED, THE OFFICIAL MAY BE LIABLE FOR MONETARY DAMAGES AND THE SUIT PROCEEDS TO THE NEXT STAGE, BUT IF THE RIGHTS WERE NOT CLEARLY ESTABLISHED, THEN THE OFFICIAL IS IMMUNE FROM SUIT AND THE CLAIM IS DISMISSED. BIRDO V. DAVE GOMEZ, 214 F. SUPP. 3d 709 (2016). TO BE CLEARLY ESTABLISHED AT THE TIME OF THE CHALLENGED CONDUCT, THE CONTOURS OF THE STATUTORY OR CONSTITUTIONAL RIGHT MUST BE SUFFICIENTLY CLEAR THAT EVERY REASONABLE OFFICIAL WOULD HAVE UNDERSTOOD THAT WHAT HE IS DOING VIOLATES THAT RIGHT AND EXISTING PRECEDENT MUST HAVE PLACED THE STATUTORY OR CONSTITUTIONAL QUESTION BEYOND DEBATE. BIRDO V. DAVE GOMEZ, 214 F SUPP. 3d 709 (2016). UNDER THE FIRST PRONG OF THE ANALYSIS, THE FACTS ALLEGED HERE CLEARLY GIVE RISE TO A CONSTI-TUTIONAL VIOLATION. AS MENTIONED PREVIOUSLY, BOTH

DEFENDANTS BROOKMAN AND HART APPARENTLY DID NOT FOLLOW THE ILLINOIS DEPARTMENT OF CORRECTIONS DR 504 ADMINISTRATION OF DISCIPLINE PROCEDURE. SEVERAL DISCIPLINARY HEARINGS WERE HELD FOR PLAINTIFF WHO WAS ACCUSED AND EVENTUALLY FOUND NOT GUILTY OF 205/ SECURITY THREAT GROUP OR UNAUTHORIZED ORGA- NIZATIONAL ACTIVITY AND BASED ON THESE FINDINGS TICKET # 2017003651 HEN WAS EXPUNGED. IN SPITE OF THIS TICKET BEING EXPUNGED, SEVERAL DAYS LATER PLAINTIFF WAS PLACED IN SEGREGATED CONFINEMENT AND GIVEN ANOTHER TICKET # 2017004091 HEN FOR THE SAME EXACT PRISON VIOLATION. FURTHER, PLAINTIFF WAS RETRIED BY BOTH DEFENDANTS WITH THE SAME FAULTY AND QUESTIONABLE EVIDENCE, BUT THIS TIME AROUND A DIFFERENT OUTCOME WAS REACHED WHICH CLEARLY SHOWS THAT BOTH DEFENDANTS PARTICIPATED DIRECTLY WITH THE PRISON INTELLIGENCE UNIT TO FIND PLAINTIFF GUILTY OF THE SAME VIOLATION WHICH THE EVIDENCE AGAINST PLAINTIFF WAS INSUFFICIENT TO PERMITT A FINDING OF GUILTY. IN THIS CASE, IT IS CLEAR THAT DEFENDANTS BROOKMAN AND HART CLEARLY UNDERSTOOD THAT WHAT THEY WERE DOING VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS. IT COULD BE SAID WITH FAIR ASSURANCE THAT REGARDING THE CONSTITUTIONALITY OF DISCIPLINARY HEARINGS, PLAINTIFF WAS FLAT OUT DEPRIVED OF A FAIR ADJUSTMENT COMMITTEE HEARING, ACTUALLY TWO SEPERATE HEARINGS. IT HAS BEEN SHOWN THAT BOTH DEFENDANTS DID NOT FOLLOW PROCEDURE AND DENIED PLAINTIFF DUE PROCESS. THEREFORE BOTH DEFENDANTS

ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

## CONCLUSION

BOTH DEFENDANTS KENT BROOKMAN AND JASON HART ARE NOT ENTITLED TO SUMMARY JUDGMENT. CLAIMS AGAINST BOTH DEFENDANTS ARE NOT PROTECTED UNDER QUALIFIED IMMUNITY. IN THIS CASE, PLAINTIFF HAS PROVEN WITH CLARITY OF LAW THE NECESSARY ELEMENTS OF HIS CLAIMS. PLAINTIFF HAS PROVEN THAT DEFENDANTS BROOKMAN AND HART VIOLATED PLAINTIFFS FOURTEENTH AMENDMENTS RIGHTS AND DENIED HIM DUE PROCESS.

WHEREFORE, FOR THE ABOVE AND FOREGOING REASONS, PLAINTIFF NOBERTO TORRES RESPECTFULLY ASKS THIS HONARABLE COURT TO DENY DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

RESPECTFULLY SUBMITTED,

/S/

NOBERTO TORRES
PLAINTIFF, PRO-PER

NOBERTO TORRES #R74153
PINCKNEYVILLE CORRECTIONAL CENTER
5835 STATE ROUTE 154
PINCKNEYVILLE, IL 62274

STATE OF ILLINOIS        )
                         )  SS.
COUNTY OF PERRY          )


<u>AFFIDAVIT OF SERVICE</u>


I HEREBY CERTIFY THAT ON THE <u>4TH</u> OF JANUARY, 2022,
THE FORGOING DOCUMENT, <u>PLAINTIFFS RESPONSE TO DEFENDANTS</u>
<u>MOTION FOR SUMMARY JUDGMENT</u>, WAS ELECTRONICALLY FILED WITH
THE CLERK VIA THE SYSTEM SET IN PLACE AT THE PINCKNEYVILLE
CORRECTIONAL CENTER'S LAW LIBRARY.


BY: s/
    NOBERTO TORRES
    PLAINTIFF, PRO-PER

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

NOBERTO TORRES,                    )
        PLAINTIFF,                 )
                                   )        CASE NO: 19-CV-248-SPM
V.                                 )
                                   )
KENT BROOKMAN, et al,.             )
        DEFENDANTS,                )

AFFIDAVIT OF NOBERTO TORRES

1. I, NOBERTO TORRES, AM COMPETENT AND CAPABLE OF
MAKING THIS AFFIDAVIT.

2. I AM AN INMATE INCARCERATED AT PINCKNEYVILLE
CORRECTIONAL CENTER AND HAVE FILED SUIT IN THIS COURT UNDER
42 U.S.C. 1983 ALLEGING FOURTEENTH AMENDMENTS RIGHTS AND
DUE PROCESS VIOLATIONS.

3. ON MARCH 15, 2017, PLAINTIFF WAS ISSUED AN IDR FOR
2051 SECURITY THREAT GROUP OR UNATHORIZED ORGANIZATIONAL
ACTIVITY. BASED ON LACK OF EVIDENCE THE TICKET WAS EXPUNGED
BY ADJUSTMENT COMMITTEE CHAIRPERSONS KENT BROOKMAN AND JASON
HART.

4. BESIDES TICKET # 20170036511-MEN BEING EXPUNGED, SEVERAL
DAYS LATER PLAINTIFF WAS SERVED ANOTHER IDR FOR THE SAME
EXACT INFRACTION. TICKET # 20170040911 MEN.

5. ON MARCH 22, 2017, THE ADJUSTMENT COMMITTEE HELD ANOTHER DISCIPLINARY HEARING FOR THE SAME EXACT OFFENSE. BOTH DEFENDANTS BROOKMAN AND HART PRESIDED OVER BOTH HEARINGS WITH DIFFERENT OUTCOMES.

6. AS A RESULT OF THE SECOND HEARING, THE FOLLOWING DISCIPLINARY ACTION WAS RECOMMENDED BY DEFENDANTS: 3 MONTHS OF C-GRADE, 3 MONTHS OF COMMISSARY RESTRICTION, 6 MONTHS OF CONTACT VISIT RESTRICTION AND THE MOST SEVERE PUNISHMENT, 3 MONTH OF SEGREGATED CONFINEMENT.

7. PLAINTIFF DID REQUEST A WITNESS REGARDING HIS FIRST ADJUSTMENT COMMITTEE HEARING, BUT DEFENDANTS BROOKMAN AND HART DEPRIVED PLAINTIFF OF THIS RIGHT.

8. ON PLAINTIFFS SECOND HEARING ON MARCH 17, 2017, HE FACED THE SAME EXACT CHARGES, PLAINTIFF CONTINUE TO MAINTAIN HIS INNOCENCE AND REQUESTED TO DEFENDANTS THAT THE HEARING INVESTIGATOR INTERVIEW HIS FORENAMED WITNESS, AND ALSO TO INVESTIGATE THE VALIDITY OF THE HANDWRITTEN "LATIN FOLK" QUESTIONNAIRE.

9. AS MENTIONED IN HIS COMPLAINT, PLAINTIFF IS NOT AWARE OF WHAT WRITING SAMPLES IF ANY, WERE OBTAINED FROM PLAINTIFFS MASTER FILE BY THE INTEL UNIT AT MENARD CORRECTIONAL CENTER.

10. DURING BOTH DISCIPLINARY HEARINGS PLAINTIFF ASKED DEFENDANTS TO SHOW HIM THE WRITING SAMPLES THAT WERE COMPARE TO THIS "LATIN FOLK" QUESTIONNAIRE, BOTH DEFENDANTS

IGNORE HIS REQUEST AND INSTEAD FOUND PLAINTIFF GUILTY OF THE SECOND INFRACTION.

11. ON MAY 24, 2017, PLAINTIFF SUBMITTED A GRIEVANCE REGARDING TICKET # 2017 0040911 MEN. PLAINTIFF SOUGHT TO BE RELEASED FROM SEGREGATION AND TICKET BE EXPUNGED.

12. ON JUNE 8, 2017, OFFICER KELLY PIERCE RESPONDED TO PLAINTIFF'S GRIEVANCE.

13. EVEN THOUGH THE INSUFFICIENCY OF EVIDENCE PROVED PLAINTIFF INNOCENT, C/O PIERCE RECOMMENDED GRIEVANCE BE AFFIRMED, BUT THAT TICKET # 2017 0040911 MEN BE EXPUNGED IN ACCORDANCE WITH DR 504.

14. ON JUNE 15, 2017, THE CHIEF ADMINISTRATIVE OFFICER, THE WARDEN, CONCURRED WITH THE GRIEVANCE OFFICER.

15. PLAINTIFF DID NOT APPEAL THIS DECISION TO THE DIRECTOR BUT IS NOW RAISING A CLAIM OF FOURTEENTH AMENDMENT AND DUE PROCESS VIOLATIONS.

/S/ _____
ROBERTO TORRES
PLAINTIFF, PRO-PER

ROBERTO TORRES # R74153
PINCKNEYVILLE CORRECTIONAL CENTER
5835 STATE ROUTE 154
PINCKNEYVILLE IL 62274

STATE OF ILLINOIS        )
                         )  - SS
COUNTY OF PERRY          )


UNDER PENALTIES AS PROVIDED BY LAW

PURSUANT TO 735 IL CS 5/1 109, 1 CERTIFY THAT THE STATE-

MENTS SET FORTH HEREIN ARE TRUE AND CORRECT.


DATE __1-4-22__


i s i  _____

        ROBERTO TORRES

        PLAINTIFF, PRO-PER



Scanned at Pinckneyville CC and e-mailed
_1/5/22_ by _CB_ _24_ pages
Date        Initials    No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to
the U.S. District Court for the Southern District of Illinois for review and filing.

_Norberto Torres_                     _R74153_
Name                                  ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?        Yes or (No)

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?     Yes or (No)

        If yes, please list case number: _____

        If yes, but you do not know the case number mark here: _____

3.  Should this document be filed in a pending case?              (Yes) or No

    If yes, please list case number:  _19-248-SPM_

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted:     _24_

5.  If multiple documents, please identify each document and the number of pages for each
    document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

    Name of Document                                    Number of Pages

    _Plaintiffs Response to Defendants_
    _Motion for Summary Judgment_                            _3_
    _Plaintiff's Memorandum of_
    _Law_                                                    _21_

    _____                            _____

Please note that discovery requests and responses are NOT to be filed, and should be forwarded
to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.